**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SETH HUNTER GEOFFRION, )<br>on behalf of himself and all others )<br>similarly situated, )<br>               Plaintiff )<br>)<br>v. )<br>)<br>GREGORY P. TURNER, )<br>Attorney at Law )<br>               Defendant ) | Civil Action No. 10- |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. §1692(a).  Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  *Id.*  It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers."  15 U.S.C. §1692(b).

In this action, plaintiff contends that defendant  - a "debt collector" covered by the FDCPA - sent plaintiff a collection letter which violated several provisions of the Act.  Since the letter appears to be a standard one utilized by defendant, plaintiff seeks redress on behalf of himself and similarly situated Massachusetts consumers.

### Parties

1. Plaintiff Seth Hunter Geoffrion is an individual who at all relevant times has resided in Boston, Suffolk County, Massachusetts. Prior to a decree entered by the Barnstable Probate and Family Court on April 6, 2009, plaintiff's official name was Seth Hunter Devlin.

2. Defendant Gregory P. Turner is a licensed Massachusetts attorney with an office located in Waltham, Massachusetts.

### Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

5. At all relevant times defendant has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6) since a regular and substantial part of his law practice has been devoted to the collection and attempted collection of consumer debts, i.e., debts incurred primarily for personal, family, or household purposes.

6. Defendant sent plaintiff a letter dated February 25, 2010, in connection with a debt allegedly owed to defendant's client, American Express Centurion Bank, which debt had been incurred primarily for personal, household, and/or family purposes.

7. The letter was the first written communication from defendant to plaintiff concerning the alleged debt, and purported to set forth the information and notices required by section 1692g(a) of the FDCPA.

8. The letter stated in pertinent part: "Amount due: $7,594.86 plus interest and such attorneys fees allowable by law."

9. The letter also stated in pertinent part: "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc."

10. The letter also stated in pertinent part: "Accruing interest and attorneys fees will be waived if your payment of $7,594.86 is made in guaranteed funds . . ."

11. Above the body of the letter appeared the statement **"DEMAND FOR PAYMENT."** Near the bottom of the letter, in much smaller print positioned in the midst of other "fine print" provisions, is the notice of validation rights required by section 1692g(b) of the FDCPA.

## COUNT I

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. By stating that the alleged balance included "interest and such attorneys fee allowable by law," the letter failed to state the correct amount of the debt as required by section 1692g(a).

## COUNT II

14. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

15. By stating that the alleged balance included "interest and such attorneys fee allowable by law," the letter misrepresented the amount of the debt as required by section 1692e(2)(a).

### COUNT III

16. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

17. The validation notice required by section 1692g(b) was not conveyed adequately or effectively, since it was overshadowed by other aspects of the letter, specifically: (a) the bold, capitalized demand for payment above the body of the letter; (b) the statement that "prompt resolution may prevent" defendant's liability from increasing; (c) the statement that interest and attorneys fees were accruing and would be waived upon payment in full; and (d) the notice itself was in small print and positioned near the bottom of the letter surrounded by other "fine print" provisions.

### COUNT IV

18. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

19. The statement "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc." was false, misleading, and/or deceptive in violation of section 1692e in implying that as of the date of the letter plaintiff owed attorneys fees and in implying that additional attorneys fees would automatically result if plaintiff did not resolve the case at that time, both of which were incorrect.

### COUNT V

20. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

21. The statement "Prompt resolution of this matter may prevent you from incurring additional attorneys fees and interest, etc." was false, misleading, and/or deceptive in violation of section 1692e by using the inherently vague term "etc." and failing to specify any additional charges which plaintiff might incur as a result of not promptly resolving the matter.

## COUNT VI

22. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

23. The statement "Accruing interest and attorneys fees will be waived" upon payment in full was false, misleading, and/or deceptive in violation of section 1692e because at the time of the letter no attorneys fees were accruing.

## Class Allegations

24. Plaintiff brings this action on behalf of himself and a class of persons similarly situated. Class members are all Massachusetts residents to whom defendant sent an initial written communication concerning an alleged consumer debt within one year prior to the filing of this complaint, which communication contained one or more of the statements set forth above in paragraphs 7 - 11, above, and was not returned to sender as undeliverable. Excluded from the class are defendant and all current and former employees, agents, and attorneys of defendant. Plaintiff alleges on information and belief that during the class period defendant sent at least one hundred of said letters to class members, and therefore the class is sufficiently numerous such that joinder is impracticable.

25. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendant is a debt collector under the FDCPA and whether the letter violates the FDCPA as alleged.

26. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

27. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

28. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

>WHEREFORE, plaintiff prays that this Honorable Court:
>
>(i)   certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
>(ii)  appoint plaintiff as class representative and the undersigned as class counsel;
>
>(iii) award plaintiff and class members statutory damages against defendant;
>
>(iv)  award plaintiff and class members costs and attorney's fees against defendant;
>
>(v)   award such further relief as shall be just and proper.
>
>**Plaintiff claims trial by jury.**

SETH HUNTER GEOFFRION, plaintiff
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com